Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

M/IFP

# UNITED STATES DISTRICT COURT
## for the
### Western District of Pennsylvania
_____ Division

Related: 1:23-cv-13

Anthony Happel
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Wesley Paxton, Oil City Police Dep.

Chief Bayan, LT Ruddis
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 1:24-cv-259
(to be filled in by the Clerk's Office)

RECEIVED
SEP 16 2024
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Anthony George Happel
- All other names by which you have been known: George Anthony Happel
- ID Number: QP0472
- Current Institution: SCI Forest
- Address: P.O. Box 945
  Marienville, PA 16239
  City / State / Zip Code

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Wesley Paxton
- Job or Title *(if known)*: Was OCPD officer - Now C.O. at Venango County Jail
- Shield Number:
- Employer: Venango County Prison
- Address: 1186 Elk St.
  Franklin, PA 16323
  City / State / Zip Code
- [✓] Individual capacity  [✓] Official capacity

Defendant No. 2
- Name: Oil City Police Department
- Job or Title *(if known)*: Municipal Police
- Shield Number:
- Employer:
- Address: 21 Seneca St
  Oil City, PA 16301
  City / State / Zip Code
- [✓] Individual capacity  [✓] Official capacity

4 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name: Chief Cheif Rayan
- Job or Title (if known): Cheif of Police
- Shield Number:
- Employer: OCPD.
- Address: 21 Seneca St
  - City: Oil City
  - State: PA
  - Zip Code: 16301
- ☑ Individual capacity   ☑ Official capacity

Defendant No. 4
- Name: LT Cory Rudiltis
- Job or Title (if known): LT OCPD
- Shield Number:
- Employer: OCPD
- Address: 21 Seneca St
  - City: Oil City
  - State: PA
  - Zip Code: 16301
- ☑ Individual capacity   ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Amendment IV and IInd Amendment and Ist Ammen.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See extra page*

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

_Begining of August 2022 – Sept 14th 2022_

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_Add on pages –_

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_Add on pages –_

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_Add on pages –_

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes - But this is not a prison issue

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

_____

2. What did you claim in your grievance?

_____

3. What was the result, if any?

_____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.    If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

This is not a prison issue.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _Anthony Happel_
   Defendant(s) _Wesley Paxton, Chief Reagan, LT Ruditis, OCPD_

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _Venango County Courthouse, Pennsylvania_

3. Docket or index number
   _19-2023_

4. Name of Judge assigned to your case
   _Yates_

5. Approximate date of filing lawsuit
   _Summer of 2022_

6. Is the case still pending?

   ☐ Yes

   ☒ No _not sure let time limit lapse cause was wrong venue never got final service of disposition_
   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _I let time lapse on filing my amendment but never got a final order from court_

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _Anthony Heppel_

    Defendant(s) _Venango County, Mark Bishop, Angela Trowbridge_

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _U.S. Western District Court of PA_

3. Docket or index number

    _1:23-CV-13-SPB-RAL_

4. Name of Judge assigned to your case

    _Magistrate R. Lanzillo and District Judge S. Baxter_

5. Approximate date of filing lawsuit

6. Is the case still pending?

    ☒ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/16/24

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Anthony Heppel
Prison Identification #: QP8472
Prison Address: SCI Forest 286 Woodland dr
Marienville, PA 16239

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____

Telephone Number: _____
E-mail Address: _____

Section 1983 add on pages

II. Basis for Jurisdiction

D. Chief Ragon acted under color of state law in his position as chief of Oil city police department and therefore has a supervisory role in the actions and conduct of the officers underneath him.

Officer Wesley Paxton acted under color of state law as an officer for the oil city police department and as the lead investigator on the case in question. He executed multiple bad search warrants rubber stamped by the magistrate in attempt to arrest petitioner and violating federal and state constitution federal one being the 4th ammendments of the united states.

Lt. Cory Ruditis did act under color of state law in assisting officer paxton in executing multiple bad search warrants in the attempt to arrest petitioner, warrants that violate federal and state constitutions.

Oil City Police Department did act under color of state law in that they are a local police department and employ all officers involved in this case under their jurisdiction and are therefore liable for the actions of all of their employees. Qualified immunity is not applicable to these officers in that they acted under color of state law and the claims involved are for constittuional violations.

IV. Statement of Claim

1. 4th ammendment violations

A. 1.Chief Ragan on the morning of september 14th 2022 acting under color of state law as the supervisor of his officers, did violate the 4th ammendment of the United states constitution in the course of himself and his officers executing bad search warrants in attempt to arrest petitioner. All further claims and statements are to include chief Ragan and all other participants as well. et al

2. On the morning of september 14th 2022 officer wesley paxton acting under color of state law did violate multiple U.S constitutions in serving bad search warrants to attempt to arrest petitioner. All further claims are to automatically include officer paxton within them. et al

3. On the morning of September 14th 2022 Lt. Ruditis did act under color of state law in assisting officer paxton execute said warrants. All further claims are to automatically include officer Ruditis in them as well. et al

4. On the morning of september 14th Oil City Police Officers acting under color of state law did execute multiple bad search warrants in an attempt to arrest petitioner. The department shall be automatically included in all further claims as well and qualified immunity does not apply as they were all acting under color of state law and there are violations to the U.S. constitution. et

al

5. The morning of september 14th 2022 Oil city police department lead by chief Ragan and Officer Paxton executed 2 search warrants at 114 washington streat oil city Pa.

6. The place is a split level duplex where petitioner was renting the 2nd floor from shawn goodman who was the tenant on the 1st floor of the residence.

7. Oil city police officers lead by chief Ragan and Paxton executed the warrant on both appartments at the same time with flash bangs and forced entry, violating the knock and announce clause.

8. The warrant that Officer Paxton had for petitioners residence is fatal in multiple ways, it is initially missing the signature and seal from the magistrate which is a fatal deffect. It is lacking probable cause for arrest let alone search. The afadavitt has conflicting statements as well as false information as well as flat out lies.

9. Officer Paxton responded to a call from Yevonne Green at a residence on washington st about an arguement between petitioner and Shane Stahlman where threats were allegedly being made, but no complaint or charges filed which makes the warrant invalid already.

10. While there officer paxton took a statement from Trey Rice saying he saw a gun in petitioners waist band while Shane said there was no gun and Ms Green just said petitioner and Shane were arguing and she told petitioner to leave and he did.

11. Mr rice also told officer paxton that allegedly petitioner showed him 2 firearms on another date and told him they were missing serial numbers. These statements are lies and hearsay. Talking to shane officer paxton took a statement from Shane saying that petitioner did not have a fire arm on him however he was at his appartment awhile ago and saw multiple firearms all missing serial numbers.

12. Officer paxton and ruditis did another interview with Shane while he was in jail in which officer paxton coached shane on giving him more specific details of the firarms and a specific date as to which he was at petitioners appartment.

13. In the afadavitt by officer paxton he also back tracks and talks about ammunition being found in petitioners appartment as well as prescriptions with another address for petitioner which shows that the search was executed before the warrant was ever even applied for you cannot support your afadavitt with items from the search.

14. This entire first warrant is invalid for the following reasons as executed by Chief Ragan, officer Paxton, Lt. Ruditis and other officers of oil city police department. The warrant was missing magistrate seal and signature, knock and announce rule violated, no probable cause, intentional misleading statements, coaching an informant, also trying to use items from search

to support afadavitt and exceeding the scope of the search in seizing legal prescriptions that were not part of the investigation, the warrant was not specific in that they requested seizure of every item possible while having probable cause for none of it.

15. The next warrant served by officer Paxton, chief Ragan, lt Ruditis and oil city police officers was for a camper registered to petitioners girl friend but owned by him. The camper was listed on the 117 washington property on the curtiledge of the property. However the camper was not there it was on the 700 block of culbert avenue oil city. The afadivitt by Paxton for the RV was that petitioner had taken boxes to and from the camper and Shaw Goodman an acter involved stated that drugs and weapons were kept in the camper. No statements from anyone was recorded except for Shawns but none of his information was corroberated and no contraband was found in any location which also makes these warrants invalid.

16. The final warrant by Oil City Police, Officer Paxton, lt Ruditis, and chief Ragan all acting under color of state law was on petitioners storage unit. The storage unit is located in Franklin outside of their jurisdiction. It again was searched without valid probable cause it was outside of ocpd jurisdiction and the afadavitt said Shawn made a statement about petitioner having a storage unit but he believed it to be emptied out. Officer Paxton had petitioners girl friend give him the number of the storage unit and they executed a search outside their jurisdiction without probable cause and again found no contraband.

17. Officer Paxton and other members of OCPD acting under color of state law, and executing all of these search warrants did fail to secure these premisses and allowed all of pettitioners personal belongings as well as his business products for his business double G ent.

18. Petitioner filed police report with OIl CIty police dep. on his Harley Davidson and most other property that was stolen adding up to over $200,000 in losses no Items were recovered.

19. While officer Paxton was transporting me to court for my case he said he saw a bunch of my property at Brook Crispins residence on Deer St Oil City and asked if David Adams had permission to take it there. He was told no but he was supposed to be returning it. None of it was returned and ocpd was made aware of that as well as supposed location of Motorcycle nothing was recovered.

20. Petitioners girl friend sent a email to Lt. Ruditis about stolen items and video evidence of Marrissa Reupert, Rob Sabowski, and another going into appartment and stealing all of petitioners belongings and no action was taken. His response was if girl friend could go to pawn shop and see if she recognizes anything.

21. All of these search warrants had fatal errors lack of probable cause and yeilded no contraband and caused petitioner to loose majority of his belongings and all business inventory as well as many broken items from police search. The camper was also damaged badly and cost another $2500 to get out of the impound. It is for these damages and losses that petitioner comes before the court today.

Claim II. Second Ammendment Violation

1. Officer Wesley Paxton acting under color of state law did violate petitioneer second ammendment rights.
2. Even though at no time did petitioner possess a fire arm officers Paxton accused petitioner of being in posession of numerous firearms missing serial numbers which was untrue and in the assumption that he did which he did not.
3. Sighting a Pa statute that petitioner is a person not to possess, this statute violates the second ammendment as well as the Pa sonstitution.
4. Both constitutions clearly state every citizen shall have a right to bear arms and this right shall not be infringed upon. That is exactly what that statute does unless citizenship is revoked every citizen has a right to defend themselves, family property, state, and country.
5. When the second ammendment was ratified there was no historica practice of disarming felons because that is not what the founding fathers had in mind. nor is there any language in the 2nd ammendment that gibves any government branch to change that or infringe upon that. So while petitioner was never in posession of any firearm with or without serial numbers it is a violation of his second ammendment right to be accused as such.

Claim III. Selective Enforcement and equal protection act

1. Officer Wesley Paxton acting under color of state law did selectively enforce laws and target petitioner Anthony Happel.
2. Chief Ragan did underl color of state klaw supervise officer Paxton and other oil city officers while they selectively charged and targeted petitioner.
3. Lt Ruditis did assist officer Paxton and others under color of state law to selectively charge and target petitioner.
4. Oil City Police did act under color of state law as a municipal police department and selectively charged and enforced certain laws targeting petitioner while not charging multiple others envolved that actually committed crimes. All preceeding paragraphs will be taken to include all of these actors involved.
5. Shawn Goodman was found to have 2 firearms under his mattress in his bedroom of his appartment yet he wass ultimately not charg-ed with any firearms and was able to put one of his on petitione justy by saying it was his even though multiple people saw him with said firearm and sent pictures of said firearm to several people who informed officers.
6. In a inventory printed by Chief Ragan there is mentioned a M91 762 caliber mosin nagant black with scope sn:E886 was seized. No mention of where this was seized and no person charged.
7. On pearl avenue at Ron Harklesses house a safe with the name Stahlman on it in white was recovered with 2 fire arms. The safe was supposed to be on the second floor which petitioner was going to rent for his girlfriend Audriana McCool and the

2 firearms in the safe were both her legal fire arms, yet they were found with the safe in Harkless,s appartment and he waw not charged with them or theft of them.
8. At 407 Bissel apt 2 the residence of Rebekah Schuttle and Audriana McCool (renting tenants), also a downstairs tenant as well as the owner next door who has access to the appartment. Inside that residence which petitioner was visiting becasue his girlfriend lives there and he showers there as there was no hot water on or laundry in the upstairs appartment at washignton, but has no keȳy or gegular access toj Inside was found a "large amou -nt of marijjuana" as well as 4 firearms belonging to petitioners girlfriend legally none with missing serial numbers. These includ a .380 ruger, 2 12 guagé shotguns, and a 30-06 hunting rifle. No one in this residence recived any charges either except for petitioner even though it was not his residence he has no keys or access and not even a vehicle there. There was no evidence except for hearsay from multiple people who grew up together and went to school together pointing the finger at petitioner.
9. Petitioner was one of the only people who actually did not commit any crime or caught with any contraband yet all charges were directed toward himself and no others it is clear that the selective enforecement and equal protection act should apply here. Defense will likely point to the fact that petitioner took a plea dealnto dispute this, however the plea was entered as petitioners lawyer refused to raise any claims on his behalf or tell him of trial strategy. So yes a plea was entered but when the comm. violated the terms of the plea a motion to withdrawl was made and denied. Then appeal to superior court filed and next a pcra will be filed. That and the prosecutorial over reach on charges made petitioners family nervous of trial when the judge clearly was siding with prosecutors.

C. Dates and times leading to claims- is begining of August for one of the statements and the rest is in the begining of september but majority arrose from Sept. 14 2022.

D. The Facts underlying my claims are That.
1. My 4th ammendment rights were violated in my right to be safe and secure in my home and belongings. Leading to theft of almost all belongings and lots of damaged belongings.
2. My IInd ammendment rights were violated with the acusation that I was in posession of a firearm as a person not to posess even though I was never in posession or constructive posession of a firearm. Also as having completed my previous prison term and parole and being a citizen of the U.s. that is a violation of my rights as recognized in the recent 9th cir. court.
3. Selevtive enforcement and equal protection rights were v violated in that I was specifically targeted for some reason and the only individual that faced serious charges, despite the fact that my appartment, house, storage unit, and Rv contained no contraband or evidence of a crime also searched with defective warrants and no pc. I was one of the only people to not have contraband or have committed a crime yet OCPD let everyone use me as their get out of jail free.

4. Oil City Police, chief Ragan as supervisor, Lt Ruditis and officer Wesley Paxton acting under color of state law did execute multiple defective warrants that lead to property damage and theft of almost all of petitioners belongings personal and business.

5. Oil City officers did not secure any residences and left storage unit wide open with no lock. There was lots of damaged property as well as missing/stolen items.

6. My girl friend Audriana McCool and my father were witnesses to the damage and theft that occured. They both contacted OCPD multiple times about missing property and were provided with a list of items that were taken. My father and Audriana gave them information several times as to the location of the Harley Davidson and E bike and nothing was ever done. Pictures of people stealing things from the apartment were also given no action was taken. Lt Ruditis told audriana at one point to go to the local pawn shop and see if she recognized anything. They had already been told that Shawn Goodman stole the Ebike Sam Crispin stole the Harley, David Adams stole clothes, fireworks, shoes, Hats, and almost all business items which officer paxton said he saw at brook crispins and never did anything. Audriana also told Ruditis that items were at Rob Sabowskis including security systems gaming computer and other items. No action was ever taken against anyone in anything other than petitioner.

V. Injuries
1. All injuries come in the form of financial injuries due to destroyed or stolen property.
2. Interupted commerce and all business records and reciepts stolen in filing cabinet.
3. Approx. $200,000 in personal and business items stolen as well as family heirlooms that can never be replaced or have a value.
4. Rv and other property damaged and impounded, took 3 months to get rv released and cost $2500 when it should have never been seized.

5. My 9 month old pitbull/shepard was flashbanged in the washington appartment and was hurt and so terrified that he jumped through spacer on the side of A/C unit out of a 12 foot high window dislocating his shoulder. He ran around town on his own until he found were I was at on bissel I took him in and popped his shoulder back in. was never able to get him to the vet as I was arrested a little later and when that occurred he was trying to jump out an even higher window to get to me, He is still traumatized by any police activity as am I.

VI. Relief

1. Petitioner comes before this court requesting monetary compinsation be granted in the amount of $200,000 in compensatory damages, for property stolen and damaged.
2. Petitioner also requests punitive damages for the complete disregard of oil city police department for our constitution and proper procedure and rights.
I ask that you award $500,000 per defendant in punitive damages or whatever the court deems suitable.

3. I pray the court grants me this relief and I pray this because I have lost everything and things that cant be replaced. I have to start all over on my business with no money whatsoever and I have since hired a bankruptcy attorney and she is working on filing that for me.
I am also appalled at the way OCPD handled this case and targeted me when I did nothing wrong, I am in prison on this case when I never committed a crime because of the poor and unconstitutional investigation of their department as well as paying for an attorney that did absolutely nothing but give me misleading advice, break promisses, and refuse to be afective counsel. Also the financial burden for my family is probably going to be greater yet as I am going to continue to fight to prove my inocence. I was guilty in their eyes before the charges were even filed even though its supposed to be innocent until proven guilty that was not the case. For these reasons I pray this honorable court grant me relief.

                                          Anthony G. Happel