IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| ANTHONY HAPPEL, Plaintiff | ) | CASE NO. 1:24-cv-259 |
| vs. | ) | RICHARD A. LANZILLO, Chief United States Magistrate Judge |
| WESLEY PAXTON, et al., Defendant | ) | MEMORANDUM ORDER ON PLAINTIFF'S MOTION FOR REVIEW |
| | ) | IN RE: ECF NO. 79 |

On May 5, 2026, the Court granted Defendants' motion for summary judgment and directed the entry of judgment in favor of Defendants on Plaintiff Anthony Happel's claims.[1] *See* ECF No. 78. On May 26, 2026, Plaintiff filed a Motion for Review (ECF No. 79) in which he asserts that the Court's Memorandum Opinion (ECF No. 77) failed to address one of the four search warrants he challenged in his Complaint and his responsive Concise Statement of Material Facts. Plaintiff correctly observes that he challenged the search warrants Defendants procured in September of 2022 for each of the following four properties: (1) the upstairs apartment at 117 Washington Avenue, (2) the premises at 99 Willow Street, (3) a 1986 Chevrolet motorhome, and (4) a storage unit rented by Plaintiff at 322 Storage Station, 6798 U.S. Route 322, Franklin, Pennsylvania ("Unit 403"). Plaintiff is correct that while the Court's Memorandum Opinion specifically addressed the warrants for the first

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. § 636.

three properties, it omitted any discussion of the warrant for Unit 403. To remedy that inadvertent omission, the Court will construe Plaintiff's Motion for Review as a motion for reconsideration and address Plaintiff's challenge to the legal sufficiency of the warrant for Unit 403. As explained herein, that challenge fails based on the record and does not alter the Court's disposition of Defendants' motion. The analysis below supplements Section IV.F of the Court's prior Opinion.[2]

A. The Unit 403 Warrant and Plaintiff's Challenge

On September 14, 2022, Defendant Officer Wesley Paxton ("Paxton") applied for and obtained a warrant to search Unit 403. *See* ECF No. 29-1at 54-60. The supporting Affidavit of Probable Cause recited that officers had received information from a named source and a known female that Plaintiff maintained a storage unit at the identified location, that the known female provided officers with the specific unit number, and that, based on the affiant's training and experience, individuals use storage units to conceal controlled substances, drug paraphernalia, and firearms. *See* ECF No. 29-1, at 54-55. A neutral Pennsylvania magisterial district judge reviewed the Affidavit, found that it supported probable cause, and issued the warrant under signature and seal. *Id.* at 54.

[2] This Court may amend or supplement its own opinion to correct an inadvertent omission. *See White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450 (1982); *National Ecological Foundation v. Alexander*, 496 F. Supp. 978, 981 (D.D.C. 1980). Because Plaintiff's motion for review was filed within twenty-eight days of the entry of judgment, the Court construes it liberally as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

Plaintiff raises several objections to this warrant. He contends that it was, in his words, "rubber-stamped," that no nexus connected the storage unit to any criminal activity because the unit was reported to be empty, that the search fell outside the issuing department's jurisdiction, that nothing unlawful was recovered from the unit, and that his property was damaged or taken during the search and the unit left open with its lock cut. *See* ECF No. 66. The Court analyzes these objections under the framework governing a Fourth Amendment damages claim under 42 U.S.C. § 1983, set forth in the prior Opinion, and addresses each in turn.

B. The record does not support any basis for finding that Defendants violated the Fourth Amendment in procuring the warrant to search Unit 403.

Because the warrant to search Unit 403 was issued by a neutral judicial officer, the dispositive question is not whether the reviewing court, examining the affidavit of probable cause anew, would itself have found probable cause, but whether Plaintiff has come forward with evidence that the affiant knowingly and deliberately, or with reckless disregard for the truth, made a false statement or a material omission necessary to the finding of probable cause. *See Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir. 1997) (holding that "the plaintiff must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause"); *Pinkney v. Meadville, Pennsylvania,* 95 F.4th 743, 748 (3d Cir. 2024) ("Normally, to evaluate probable cause, we would ask whether a reasonable officer would have found a fair probability" supports the warrant, but

where a judge issues the warrant, "we defer to it unless the officer misrepresented material information to get the warrant."). Negligent or innocent mistakes by an affiant do not support such a claim. *See Happel v. Paxton,* 2026 WL 1223984, at *12 (W.D. Pa. May 5, 2026) (citing *United States v. Yusuf,* 461 F.3d 374, 383-84 (3d Cir. 2006) (noting that negligent or innocent mistakes by an affiant do not support a Fourth Amendment challenge). Plaintiff has identified no such misstatement or omission, and the record discloses none.

Plaintiff's principal argument is that the storage unit bore no nexus to criminal activity because it was reported to have been empty. This contention fails for two reasons. First, Plaintiff offers no competent evidence that any such report was made. He submitted no affidavit or declaration, and he was not a party to the communications between the sources and the officers; his unsworn assertion that the unit was said to be empty is therefore neither evidence that the affiant received such information nor a matter within Plaintiff's personal knowledge. Second, even assuming a source described the unit as empty at some earlier and unspecified time, and that the omission of that statement is added to the Affidavit, the corrected Affidavit would still support probable cause. *See Matthie v. Sandy Twp., Pennsylvania,* 2026 WL 366729, at *5 (W.D. Pa. Feb. 10, 2026) (citing *Reedy*, 615 F.3d at 213 (materiality is assessed by supplying any omitted information and asking whether the corrected affidavit would still establish probable cause)). The possibility that the unit may previously have been empty does not negate a present fair probability that a prohibited person handling multiple firearms with obliterated

serial numbers, together with controlled substances, would store such items in a storage unit over which he retains control.

The Court further concludes that the Affidavit supplied a substantial basis for the magisterial district judge's probable-cause determination. Probable cause exists where, considering the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place, and the issuing judicial officer may draw reasonable inferences about where evidence of a given offense is likely to be kept. *See United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010); *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Here, the Affidavit identified a specific storage unit controlled by Plaintiff, corroborated by a source who supplied the precise unit number, in the context of an investigation into Plaintiff's illegal possession of numerous firearms and controlled substances. Affording the issuing judge's determination the deference it is due, a substantial basis existed for the judge's issuance of the warrant.

In any event, and independently, the officers' reliance on the warrant was objectively reasonable. Even where a search warrant is later found to have lacked supporting probable cause, the resulting search is valid so long as the officer's reliance on the warrant was objectively reasonable. *See United States v. Savage,* 2026 WL 1992653, at *2 (W.D. Pa. July 10, 2026) (citing *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). Where the alleged Fourth Amendment violation includes a search pursuant to a warrant, the fact that a neutral magistrate has issued the warrant is the clearest indication that the officers acted in an objectively reasonable

manner. *See Johnson v. Hitesman,* 2026 WL 1047093, at *11 (M.D. Pa. Apr. 17, 2026) (citing *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Reliance is unreasonable only where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. *Id.* The Affidavit requesting the warrant to search Unit 403, though concise, was not of that character. It set forth particularized facts, including that Plaintiff controlled Unit 403 and that, based on the affiant's training and experience, it was a likely storage location for the contraband under investigation. An officer in the position of the Defendants could reasonably rely on a warrant issued based on these facts.[3]

C. Plaintiff's Remaining Objections

Plaintiff's remaining objections do not alter this conclusion. His assertion that nothing unlawful was recovered from the unit is immaterial. Probable cause is assessed *ex ante*, on the information available to the issuing judicial officer when the warrant issued, and a warrant supported by probable cause does not become invalid because the ensuing search proves fruitless.

Plaintiff's contention that the search fell outside the jurisdiction of the Oil City Police Department likewise fails. A violation of state territorial or procedural rules does not itself render a search or seizure unreasonable under the Fourth Amendment; § 1983 vindicates federal constitutional rights, not state-law limits on the authority

[3]The Court's conclusion that the officers' reliance on the warrant was objectively reasonable furnishes an independent and alternative ground for judgment on this claim, apart from the Court's separate conclusion that the Affidavit supplied a substantial basis for the magisterial district judge's finding of probable cause.

of local officers. *See Virginia v. Moore*, 553 U.S. 164, 176-78 (2008) ("[T]he arrest rules that the officers violated were those of state law alone, and as we have just concluded, it is not the province of the Fourth Amendment to enforce state law.").

Plaintiff also asserts that his property was damaged or taken during the search and that the unit was left open and its lock cut. As explained in the Court's prior Opinion, a nonmoving party may not rest on the unsubstantiated assertions of his pleadings and must point to competent record evidence capable of establishing a genuine dispute of material fact. *See* ECF No. 77, at 8-9. Plaintiff has submitted no affidavit or declaration, and these assertions appear only as argument in his responsive Concise Statement.[4] Absent such support, these assertions fail to create a genuinely disputed issue of material fact. Furthermore, to the extent Plaintiff complains that officers cut the lock to gain entry, some destruction of property necessary to execute a warrant is reasonable and does not, standing alone, offend the Fourth Amendment. *See United States v. Ramirez*, 523 U.S. 65, 71-72 (1998). On this record, Plaintiff's challenge to the execution of the warrant to search Unit 403 fails as a matter of law.

D. Conclusion

For the foregoing reasons, and supplementing the Court's Memorandum Opinion of May 5, 2026, the record fails to support a finding that any Defendant

---

[4] Plaintiff filed no affidavit or declaration in opposition to Defendants' motion. His assertions concerning the conduct of the search therefore appear only as argument in his responsive Concise Statement of Material Facts and are not competent summary judgment evidence. *See* ECF No. 77, at 8-9 (collecting authority).

violated Plaintiff's Fourth Amendment rights in connection with the search of Unit 403. Based on the record, Defendants are entitled to judgment as a matter of law. To the extent Plaintiff's Motion for Review (ECF No. 79) seeks reconsideration or amendment of the judgment entered in favor of Defendants, the motion is denied.

SO ORDERED, this 31st day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge